```
                    UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS (Chicago)


AUDIT BUREAU OF CIRCULATIONS,   )
                                )
            Plaintiff,          )
                                )    Docket No. 08-cv-3089
       v.                       )
                                )
AXIS SPECIALTY INSURANCE        )
COMPANY,                        )    Chicago, Illinois
                                )    April 7, 2009
            Defendant.          )



                   TELEPHONIC HEARING ON MOTIONS
                            BEFORE THE
           HONORABLE MAGISTRATE JUDGE GERALDINE SOAT BROWN



APPEARANCES:

For Plaintiff:            ALISON C. CONLON
                          WILDMAN, HARROLD, ALLEN & DIXON, LLP
                          225 West Wacker Drive
                          Suite 3000
                          Chicago, IL  60606-1229


For Defendant:            JAMES EASTHAM
                          TRAUB LIEBERMAN STRAUS &
                            SHREWSBERRY
                          303 West Madison Street
                          #1200
                          Chicago, IL  60606



Transcribed by:           Riki Schatell
                          6033 North Sheridan Road, 28-K
                          Chicago, Illinois  60660-3046
                          773/728-7281

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
 1              THE CLERK:  08-c-3089, Audit Bureau of Circulation
 2    vs. Axis Specialty Insurance.
 3              THE COURT:  Good morning, everyone.  Would you please
 4    state your name, spell your last name and tell me the client
 5    that you represent.
 6              MS. CONLON:  Good morning, your Honor, this is
 7    Allison Conlon, C-o-n-l-o-n, on behalf of plaintiff, ABC.
 8              MR. EASTHAM:  Good morning, your Honor, James
 9    Eastham, E-a-s-t-h-a-m, and I represent Axis Specialty
10    Insurance Company.
11              THE COURT:  Okay.  Now we're here on a continued
12    conference regarding the plaintiff's and the defendant's
13    motion.  I'm hoping that you have resolved the issues that were
14    involved in that?
15              MS. CONLON:  I wish I could report that we had
16    resolved them, your Honor.  Mr. Eastham and I spoke earlier
17    today and I do think we have made some progress on the first
18    issue of producing claim files for similarly-situated insureds.
19     One of the issues we discussed this morning, your Honor, was
20    the fact that with the kind of random sampling we had
21    contemplated there's -- that may create some lawyer work and
22    ultimately result in producing files that if we did (inaudible)
23    every third file, every fourth file, whatever we agree on, we
24    would end up producing naturally some files that would have
25    issues that really have nothing to do with the case at hand,
```

3

1   and if that's the way it has to be, so be it.
2           But one thing we discussed this morning that I do
3   think may be a more productive route to take is I went back and
4   reviewed the claim file for my client's policy, and I noticed
5   that in that claim file there is something called a claim
6   abstract report.
7           THE COURT:  A claim -- Say that again slowly.
8           MS. CONLON:  Sure, your Honor.
9           THE COURT:  A claim?
10          MS. CONLON:  It's something called a claim abstract
11  report.
12          THE COURT:  Abstract.
13          MS. CONLON:  Yes.  And it's a short document, only a
14  page long as far as I can tell, and importantly, it gives, you
15  know, the policy number, the insured, et cetera, and provides a
16  description of loss that basically is the nature of the claim
17  that's being presented to the insurer.  And it looks to me like
18  it was printed off of a computer, and Mr. Eastham was not
19  certain that is the case, but was going to go back to his
20  client and investigate whether that's the case.  And if so, it
21  would seem to me, your Honor, and this is what we discussed
22  earlier before we got on the phone with the Court, that maybe
23  the most sensible way to do this would be to ask Axis to pull
24  from the computer all of the claim abstract reports from the
25  one policy year 2006.

4

1  They could redact whatever information they didn't
2  want to but that should be a fairly easy process because at
3  least from the document produced to me the claim abstract
4  report, it looks like one section was redacted but one section
5  was not, and that would not be a huge administrative nightmare
6  just to redact that one portion before giving it to me if Axis
7  doesn't want to enter into a protective order. And I could
8  look at it, the description of loss, and proceed from there in
9  terms of determining more accurately the number of claim files
10  out there that actually could be relevant to the issues
11  presented in the case.
12  So we're talking about pulling, you know, 200-some
13  one-page documents for review rather than shipping a much
14  larger number of files here many of which, I think we both
15  agree, are likely not to have anything to do with the issues n
16  our case.
17  THE COURT: Well, that has some promise.
18  MS. CONLON: Yes.
19  THE COURT: Mr. Eastham, what do you think?
20  MR. EASTHAM: First of all, I agree that I do think
21  we are working towards a resolution here. Alison and I did
22  have a very productive conversation this morning. After I hung
23  up with Alison I was able to speak with my client about whether
24  or not they have the ability to fairly quickly and easily, off
25  the computer, gain access to what I guess we're referring to as

5

```
 1   the claim abstract report.  We are looking into that.  I do not
 2   have an answer as to the ease of which that would be available.
 3    I hope to have that answer shortly.
 4              If that is the case it would certainly be much more
 5   reasonable to simply look at, whether it be a one- or two-page
 6   document, each claim and redact the information we needed to
 7   from that than looking at whether the 50 files, et cetera, in
 8   bulk.
 9              THE COURT:  Right, and the description of the loss
10   seems to me to be something that is a fairly objective thing
11   and then if Ms. Conlon can look at 260 or whatever we're
12   talking about quickly, she might find that there are only a
13   handful that really have any relevance to this case and then
14   we're talking about a handful of files that have specific
15   numbers and that's a much easier thing to deal with.
16              MS. CONLON:  Exactly, your Honor.
17              THE COURT:  Okay.  Well, that's a lot of progress.
18   So let's keep the ball rolling here and let's have another
19   telephone conference like this and then you've got the issue
20   with the 30(b)(6), but I think that that will, to some extent,
21   be facilitated by this resolution.  Am I right?
22              MS. CONLON:  I think that's right, your Honor.
23              MR. EASTHAM:  Yes, our main objection to the 30(b)(6)
24   was the burdensome production rider, that's correct, your
25   Honor.
```

6

```
1            THE COURT:  Okay, good.  Glad to hear it.  So do you
2   think that it would be worthwhile to talk on Thursday morning
3   at the same time, eleven?
4            MR. EASTHAM:  I would hope to have information out of
5   my client by that time, your Honor.  I do note that we are due
6   to respond to the motion to compel on Thursday as well.
7            THE COURT:  Okay.  Well, I would be willing to
8   postpone that.  What's happening with Judge Gettleman's
9   schedule for the motion for summary judgment?
10           MS. CONLON:  You know, your Honor, our due date for
11  plaintiff's response remains April 20th.  We will obviously
12  need to go in on a motion to put that back.
13           THE COURT:  I thought you guys were going in this
14  week.
15           MS. CONLON:  You know, your Honor, we need to and
16  that is the plan.  I had thought, maybe too optimistically,
17  that maybe if we reached a resolution we would have a better
18  sense of the extra time we need, but I think in the interim
19  with Jason and I, we'd just better agree on a proposed date and
20  go in and just do that, because I don't think we're going to
21  have, you know, a set time frame, at least not today.
22           THE COURT:  I don't think you're going to get your
23  hands on the documents and you have some of these depositions
24  set for, I forget what date, but it's coming up like very
25  quickly.
```

7

1         MS. CONLON: Yes, it had actually been today, your
2 Honor.
3         THE COURT: Right.
4         MS. CONLON: And so we do have a fair amount to do.
5 Obviously we will not be able to make the 20th.
6         THE COURT: Well, get before Judge Gettleman because
7 he doesn't have motions every day.
8         MS. CONLON: Yes.
9         THE COURT: Yes, so I would strongly recommend that
10 you get before him sooner rather than later, explain to him
11 what the situation is and see what he thinks, because if he
12 doesn't move that deadline you've got a problem.
13         MS. CONLON: Yes. Exactly.
14         THE COURT: Better to know it sooner rather than
15 later.
16         MS. CONLON: That's right, your Honor.
17         THE COURT: So let's see, and that's not something I
18 can move for you. I can certainly remove the defendant's
19 response to the motion. If you're making progress to resolve
20 it, why spend a lot of time writing? It's a waste of time and
21 money but --
22         MR. EASTHAM: Oh, your Honor, while we may -- while
23 we are making progress as respects the productions of the
24 claims files, I think we have reached an impasse with respect
25 to plaintiff's request for claims and underwriting manuals so I

1 do think your Honor will need to rule on that issue.
2     THE COURT: Well, what -- You tell me what you want
3 to do on this. Because you're the ones who have the deadline,
4 not me.
5     MS. CONLON: Your Honor, I think we probably ought to
6 move forward then with the briefing on the second issue of
7 claims manuals because I don't know what else to do from the
8 plaintiff's perspective.
9     THE COURT: Okay then, --
10     MR. EASTHAM: I agree, your Honor.
11     THE COURT: -- defendant's response to the motion is
12 still due on the 9th. And then, let's see, I have criminal
13 duty next week, but I'll try to take a look at it and
14 defendant, do you have the relevant requested documents
15 segregated someplace in case I order production?
16     MR. EASTHAM: Of the claims and underwriting manuals?
17     THE COURT: Right.
18     MR. EASTHAM: Yes, I have those in my possession,
19 your Honor.
20     THE COURT: Okay, so that you could turn them over
21 immediately if I grant the motion.
22     MR. EASTHAM: Very quickly, your Honor, yes.
23     THE COURT: Okay then, I'll have you in on, let's
24 see, let's be realistic here. Okay, Wednesday the 15th at
25 9:30.

```
 1              MS. CONLON:  Your Honor, I'm going to be out of town
 2   for much of next week.  I could phone in or I could send
 3   somebody in my stead, whatever the Court prefers.
 4              THE COURT:  Well, it's your motion.
 5              MS. CONLON:  Yes.
 6              THE COURT:  It's your motion and your response to the
 7   defendant's motion for summary judgment.  So --
 8              MS. CONLON:  Right.
 9              THE COURT:  -- you know, it's up to you.  I can move
10   the date but I'm trying to get this motion decided quickly
11   enough so that you can deal with it if your date with Judge
12   Gettleman doesn't get moved.
13              MS. CONLON:  No, no, absolutely, and I appreciate.
14   Is it all right if I do it by phone, your Honor?  I don't want
15   to --
16              THE COURT:  Well, no.
17              MS. CONLON:  Okay.
18              THE COURT:  It's too hard to have people arguing
19   things by phone.
20              MS. CONLON:  Okay.
21              THE COURT:  It just doesn't work.  I mean it's one
22   thing for a status hearing.
23              MS. CONLON:  Yes.
24              THE COURT:  Another thing for a conference like this.
25    But it's a very different thing when you're arguing on a
```

1  motion.
2          MS. CONLON:  I understand, your Honor.  I will make
3  sure that it is covered by somebody.
4          THE COURT:  Okay.
5          MS. CONLON:  The appropriate person.
6          THE COURT:  4-15, that's the 15th of April at 9:30
7  for ruling on the motion.  Make sure -- And plaintiff, do you
8  want to file a reply to the defendant's motion?  Strike that.
9  Defendants, do you want to file a -- No, wait a minute.  The
10 other way.  Plaintiff's response to the defendant's motion; do
11 you want to file something on that?
12         MS. CONLON:  To their --
13         THE COURT:  Or is that just the 30(b)(6) that's going
14 to fall out here?
15         MS. CONLON:  You know, I believe that I'm willing to
16 stand, your Honor, on my motion and I think I've responded to
17 everything that I need to with respect to their objections.
18         THE COURT:  Okay, 9:30 on the 15th for the hearing on
19 the motion.  All right then, I will see you in next week,
20 Wednesday.  Be sure you get me a courtesy copy of your
21 response, Mr. Eastham, when you file it, because I'm going to
22 be leaving -- I'm not sure I'll be in the court on Friday.  So
23 if I don't get it on Thursday afternoon I might not get a
24 chance to read it.
25         MR. EASTHAM:  Absolutely, your Honor, I apologize for

```
1    not getting the earlier one to you.
2              THE COURT:  Okay.
3              MS. CONLON:  Okay.
4              THE COURT:  Then I will talk with you on Wednesday at
5    9:30.
6              MS. CONLON:  Very good.  Thank you, your Honor.
7              MR. EASTHAM:  Thank you.
8                        (Hearing adjourned.)
```

   I, RIKI SCHATELL, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Riki Schatell                             August 2, 2009
                                              Date