```
              UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS (Chicago)


AUDIT BUREAU OF CIRCULATIONS,  )
                               )
          Plaintiff,           )
                               )    Docket No. 08-cv-3089
     v.                        )
                               )
AXIS SPECIALTY INSURANCE       )
COMPANY,                       )    Chicago, Illinois
                               )    April 15, 2009
          Defendant.           )



                     HEARING ON MOTION
                       BEFORE THE
         HONORABLE MAGISTRATE JUDGE GERALDINE SOAT BROWN



APPEARANCES:

For Plaintiff:            HEATHER H. HARRISON
                          WILDMAN, HARROLD, ALLEN & DIXON, LLP
                          225 West Wacker Drive
                          Suite 3000
                          Chicago, IL  60606-1229


For Defendant:            JAMES EASTHAM
                          TRAUB LIEBERMAN STRAUS &
                            SHREWSBERRY
                          303 West Madison Street
                          #1200
                          Chicago, IL  60606




Transcribed by:           Riki Schatell
                          6033 North Sheridan Road, 28-K
                          Chicago, Illinois  60660-3046
                          773/728-7281


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
 1              THE CLERK:  08-c-3089, Audit Bureau of Circulation
 2    vs. Axis Specialty.
 3              MR. EASTHAM:  Good morning, your Honor, James Eastham
 4    on behalf of defendant Axis Surplus Lines Insurance.
 5              MS. HARRISON:  Good morning, your Honor, Heather
 6    Harrison on behalf of the plaintiff, Audit Bureau of
 7    Circulation.
 8              THE COURT:  All right, good morning.  We're here for
 9    a ruling on the plaintiff's motion to compel and the
10    defendant's motion to strike.  I've had several telephone
11    conversations with you and your cocounsel on this issue.  As I
12    understand it the parties are working toward agreement on the
13    claims, the other claims issue.
14              MR. EASTHAM:  We are, your Honor.  On Monday of this
15    week we provided plaintiff with a list of the 2006 claims
16    including a brief summary of what was at issue in those claims.
17     Hopefully that will allow them to choose which files that they
18    believe are relevant and we're willing to, again without
19    waiving any of our objections stated in our papers, we're
20    willing to produce a number of files somewhere up to 50 if need
21    be.
22              The big issue for us on that issue is simply the cost
23    burden and not only the cost of copying and producing but
24    really the cost of attorney time going through the materials
25    because there's a lot of confidential attorney-client
```

```
 1   privileged materials, you know, just confidential information
 2   that these insureds may have provided which may be in these
 3   files which will need to be redacted.  I don't know if a
 4   privilege log is going to be required as part of that but
 5   that's additional time, so really the cost factor is a big
 6   issue for us.  We think based on the eight-point test that
 7   either all the factors are in our favor or neutral.  So that's
 8   really our sticking point, as it were.
 9             THE COURT:  Well, don't make it a sticking point
10   because, depending upon the number and the reasonableness of
11   what the plaintiff requests, I think the fact that some of
12   these files may have privileged materials in it is the
13   defendant's problem.  These are within the scope of discovery
14   so the fact that you've got privileged -- you've got to
15   undertake privilege review is just your obligation.  I would
16   recommend that the plaintiff keep that in mind, though, because
17   I'm going to hold the plaintiff to a reasonable number of those
18   files so that the burden on the defendant is minimized.  I
19   don't know the extent of these files but it's hard for me to
20   imagine that they're more than -- each one is more than, you
21   know, 10, 15 pages.
22             MR. EASTHAM:  Well, the range I've been given by my
23   client -- And again, we don't know exactly which specific files
24   they're seeking -- they can range anywhere between a half an
25   inch.  Some of them, though, are multiple boxes up to four.)
```

1         THE COURT: Well, that's a problem. So -- Well,
2 narrow the scope of what the plaintiff wants, because that's
3 where the issue of burdensomeness is going to come to play. If
4 the plaintiff has a reasonable number and the plaintiff can
5 identify the specific ones and explain why these are relevant
6 to the issues in this case, then that might be within the scope
7 of discovery, but we've talked about the fact that a vast
8 number is not going to be within the scope of discovery.
9 Unfortunately, counsel, Ms. Harrison, I don't think you were
10 the one involved earlier.
11         MS. HARRISON: No, your Honor.
12         THE COURT: I think it was your cocounsel. So make
13 sure that you narrow those so you can resolve this issue
14 between the two of you.
15         MR. EASTHAM: And I'm hopeful we can. We have a very
16 good rapport with plaintiff's counsel and I truly am hopeful we
17 can come to an agreement here very shortly.
18         THE COURT: Okay. Good. And then the only remaining
19 issue is the one regarding the claims manual. And I have taken
20 a look at the authorities that you cited and I've taken a look
21 at the defendant's response. Plaintiff cites a number of cases
22 and the defendant's response with respect to that is, and I'm
23 quoting here:
24     "Those cases are distinguishable while those courts ruled
25     in favor of production, they did so because a potential

1      relevancy existed with respect to the issues being
2      addressed in those cases."
3 Close quote.
4           Well, you know, that doesn't give me much to go on in
5 terms of distinguishing the cases, and furthermore, the main
6 point that plaintiff is making is that where there is an
7 ambiguity there can be extrinsic evidence but also the court
8 may refer to extrinsic evidence to determine that words
9 seemingly unambiguous within the four corners of a contract
10 are, nevertheless, ambiguous within the broader context, and
11 that is a proposition of law that the Seventh Circuit most
12 recently, or recently reaffirmed in a similar case, Supreme
13 Laundry Service LLC vs. Hartford Casualty Insurance Company.
14 That's 521 F.3d 743, a 2008 decision where the Hartford argued
15 that the meaning of the word "person" was unambiguous.  The
16 court announced, or reiterated, citing authority that I'm not
17 going to cite on the record from Illinois, that there may be
18 extrinsic evidence to prove that apparently unambiguous words
19 are, in fact, ambiguous.
20           So within that line of authority, I think there is
21 authority for the plaintiff's request and accordingly, the
22 motion to compel the Axis, quote, "claims manual," close quote,
23 is granted.
24           Now I see in your response that you say the only
25 current version of the Axis claims manual, only the current

1   version of the Axis claims manual exists and you have no way of
2   recreating the claims manual which might have existed in 2006
3   when the instant claim was made.
4           Well, I find that, for one, there's no factual matter
5   that's -- such as an affidavit or something that is submitted
6   to the Court to support that statement of fact.  But
7   furthermore, I find that a little hard to believe.  I mean
8   quite frankly --
9           MR. EASTHAM:  That is what my client has advised me.
10          THE COURT:  Well, you know, here's the thing:  If it
11  were a situation, for example, in which you were disciplining
12  an employee for failing to follow the claims manual, and that
13  required you to go back to 2006 and figure out what portions of
14  the claim manual the employee violated, I'd be mighty surprised
15  if your client couldn't figure out a way of finding it.  I
16  guess the issue here is what portion of the claims manual
17  which, I'm guessing from your answer is probably an electronic
18  document rather than some hard copy document; am I right?
19          MR. EASTHAM:  It's been provided to me in electronic
20  format, your Honor.
21          THE COURT:  What portions of it are relevant to this
22  case and whether those portions changed previously?  And you
23  don't submit any affidavit by anybody saying that they couldn't
24  possibly find it.  And quite honestly I just don't -- I find it
25  hard to believe that they couldn't possibly recreate what the

```
 1   claims manual was as to this relevant portion in 2005.  But the
 2   plaintiff has to identify what portion of the claims manual
 3   they think is relevant.  And a claims manual could have
 4   everything from soup to nuts in how you handle claims.
 5            MR. EASTHAM:  This one does, your Honor, includes
 6   property damage claims, excess policy kind of (inaudible),
 7   number of claims that don't have any relevance to error or
 8   omissions.
 9            THE COURT:  Is there -- On the current one is there
10   something like a table of contents or an index?
11            MR. EASTHAM:  There is, your Honor.
12            THE COURT:  Okay.  Then I'm going to order the
13   defendant to produce to the plaintiff the table of contents or
14   index, and/or index for the existing claims manual and the
15   parties to have a further conference about what portions of the
16   claims manual are relevant to the issues in this case.
17            MR. EASTHAM:  We will do that today, your Honor.
18            THE COURT:  And then you can go back and see whether
19   those have changed.  There is a way to find out if they've
20   changed.  So what is the schedule now before Judge Gettleman?
21            MR. EASTHAM:  The dates have been extended 45 days.
22   You have the exact dates?
23            MS. HARRISON:  I do not have the exact dates.  We had
24   asked for June 5th.  My colleague called over to the clerk and
25   we were told it is routinely granted with no need to appear and
```

8

```
 1   that an order would be coming through on Pacer but I haven't
 2   seen the order yet.
 3              THE COURT:  Okay.  Well, that's good because this was
 4   getting very close to the deadline.
 5              Now what is -- With those rulings, will that deal
 6   with the defendant's motion to strike?  What's left of the
 7   motion to strike?
 8              MR. EASTHAM:  Yes, your Honor, we are willing to
 9   produce the files.  We've given the list and again, I'm very
10   hopeful we'll come to an agreement very shortly here and be
11   able to move forward on this.
12              THE COURT:  Okay, so motion hearing held.  The
13   Plaintiff's Motion to Compel Productions of Documents is
14   granted in part and moot in part.  Defendant's Motion to Strike
15   is moot.  The plaintiff's motion is granted in that the
16   defendant shall produce the relevant portion of the Axis
17   "Claims Manual."
18              No later than April 17th defendant shall produce the
19   table of contents and/or index for the current claims manual
20   and the parties shall have a further conference to discuss the
21   specific portions of the claims manual to be produced.
22              And what I will do then is I'll have you, Mr.
23   Eastham, and counsel for the plaintiff call me again and we'll
24   see how things are going on getting this all finalized.
25              MR. EASTHAM:  Terrific, your Honor.
```

9

```
 1              THE COURT:  Okay?
 2              MR. EASTHAM:  Okay.
 3              THE COURT:  So today is the 15th.  You're going to be
 4    producing by the 14th.                              (Pause.)
 5              Let's have a further status on this on, let's see,
 6    sometime next week.  When will Ms. Conlon be coming back?
 7              MS. HARRISON:  She's back next week.
 8              THE COURT:  Give her a moment to take a look at it.
 9    How about the 22nd at -- That's Wednesday the 22nd at three
10    p.m.?  Anybody have a problem with that?
11              MR. EASTHAM:  That's fine, your Honor.
12              THE COURT:  Okay.  Three p.m. and we'll see where we
13    are.  You can tell my general view is that a reasonable amount
14    of discovery on the topics the plaintiff wants to take is
15    appropriate but we have to bear in mind that there are a
16    limited number of issues as to which this discovery is relevant
17    and the plaintiff must focus its seeking of documents to narrow
18    it to what really is relevant and not unduly burdensome in this
19    respect.  Okay.  Any questions from anybody?
20              MR. EASTHAM:  No, your Honor.
21              MS. HARRISON:  No, your Honor.
22              THE COURT:  Okay, then I'll talk with counsel on the
23    22nd, telephone conference at three p.m.
24              MR. EASTHAM:  Thank you, your Honor.
25              MS. HARRISON:  Thank you, your Honor.
```

1                    (Hearing adjourned.)

    I, RIKI SCHATELL, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Riki Schatell                              <u>August 2, 2009</u>
                                                      Date